UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kidane Sante Shulbe,   Case No. 14-cv-5091 (PAM/LIB)

        Plaintiff,

v.   **MEMORANDUM AND ORDER**

The State of Minnesota, Ashley Rose
Henke, and Safe Haven,

        Defendants.
_____

This matter is before the Court on Kidane Sante Shulbe's "Motion Domestic Abuse and Child Protection." For the reasons that follow, the Court dismisses this case.

Shulbe recently filed this lawsuit, asking the Court to reverse an order for protection issued against him in Minnesota district court on September 9, 2014, and to award him punitive damages from each Defendant. (Compl. (Docket No. 1) 9.) The order for protection forbids Shulbe from committing acts of domestic abuse against Ashley Rose Henke and two children, contacting Henke and the children, and being near Henke's residence. (Id. Ex. 1, at 24-30.) The order for protection also maintains the current custody arrangement between Shulbe and Henke, but requires that future visitation exchanges be supervised. (Id. Ex. 1, at 25.) In state court, Shulbe did not object to the order for protection and understood that it was issued without a finding of domestic abuse. (Id. Ex. 1, at 24-25.) Shulbe now argues that the order for protection must be reversed because it is not supported by evidence of domestic abuse. (Id. at 8.)

The Court, however, lacks subject-matter jurisdiction over this case under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Before it can address the merits of a case, a federal court must ensure that it has subject-matter jurisdiction over the case. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1990). If the Court "determines at any time that it lacks subject-matter jurisdiction," it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). As the Rooker-Feldman doctrine is jurisdictional, the Court may raise it sua sponte. Lemonds v. St. Louis Cnty., 222 F.3d 488, 492 (8th Cir. 2000).

The Rooker-Feldman doctrine recognizes that, except for habeas corpus petitions, lower federal courts have no subject-matter jurisdiction over challenges to final state-court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Only the United States Supreme Court has appellate jurisdiction over state-court judgments. Id. at 291 (citing 28 U.S.C. § 1257). As a result, a federal district court may not review a state-court judgment when the plaintiff seeks to either directly appeal the judgment or indirectly undermine the judgment by asserting a constitutional claim that is "inextricably intertwined" with the claims adjudicated in state court. Lemonds, 222 F.3d at 492-93 (citation omitted). If the plaintiff believes a state judicial proceeding has violated his constitutional rights, he must appeal the decision

through the state courts and the U.S. Supreme Court.  Prince v. Ark. Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004).

This case represents the quintessential Rooker-Feldman situation.  The Minnesota district court issued an order for protection against Shulbe.  Shulbe then filed this lawsuit, asking in direct and unequivocal terms that the Court "[d]ismiss" the order for protection. (Compl. 9.)  In other words, Shulbe is requesting that a federal district court review and reverse a state-court judgment—an action that is barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine thus deprives the Court of subject-matter jurisdiction over this case.  Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 9, 2015

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge